IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin Jamal Lewis, )<br>               Plaintiff, )<br>                           )<br>v.                                )<br>                           )<br>Yamilet Mendez-West, K. Holder, )<br>                           )<br>               Defendants. )<br>_____ ) | Civil Action No. 8:25-5287-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Justin Jamal Lewis's ("Plaintiff") complaint against the above-named Defendants. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

On June 12, 2025, Magistrate Judge William S. Brown issued a Report and Recommendation ("Report") explaining that Plaintiff, who is an inmate of the South Carolina Department of Corrections, is subject to the three-strikes rule of the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-143, 110 Stat. 1321-71 (1996). After outlining the issues, the Magistrate Judge recommends that Plaintiff's motion to proceed *in forma pauperis* be denied and that Plaintiff's complaint be dismissed unless he pays the full filing fee. (ECF No. 8.)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed, although Plaintiff has filed a motion to amend his complaint and a motion for the Court to provide forms for all fees to be debited from his account. (ECF Nos. 10, 11.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis. As the Magistrate Judge correctly determined, Plaintiff is subject to the PLRA's three-strikes rule and must pay the filing fee before proceeding with this action. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 8), denies Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2), and instructs Plaintiff to pay the filing fee of $405 within 21 days of the date of this order.** If Plaintiff pays the filing fee, then the matter will be referred to the Magistrate Judge for initial review. If Plaintiff fails to pay the filing fee, then the complaint will be dismissed without prejudice

under the three-strikes rule of 28 U.S.C. § 1915(g), and the Clerk will enter the required final judgment at that time.

    **IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 22, 2025
Charleston, South Carolina